## Green v. United Gas Improvement Co.

*Joseph D. Shein,* for plaintiff.

*John M. Fitzpatrick,* for defendant.

GOLD, P. J., July 2, 1968.—Plaintiff, Elizabeth Green, sued defendant, United Gas Improvement Company, to recover pension benefits alleged to be due by reason of the disability retirement of plaintiff's deceased husband, a former employe of defendant. Defendant contended it was not liable because of the death of Mr. Green on January 31, 1964, approximately 21 hours before the retirement was to become effective.

The testimony indicates that Green had been an employe of defendant's for 37 years when he entered the hospital on December 26, 1963. Defendant's retirement board was made aware of the terminal nature of Green's illness by a report of the company doctor dated January 28, 1964. A company representative was informed on January 29th that last rites had been administered. The board thereupon approved Green's request for retirement to take effect on February 1. In doing so, the board was following a long-standing unwritten policy on making all retirements, from whatever source, effective on the first of the month following the event giving rise to the retirement. It is this unwritten policy which defendant now urges upon us as a basis for denying plaintiff the benefits to which she would otherwise be fully entitled.

In connection with this "first-of-the-month" requirement, the evidence points up several facts: First, two company publications were introduced which spell out in detail the provisions of the company retirement plan. Neither of these documents contain any reference to the "first-of-the-month" policy. Second, Green's immediate supervisor testified that he was not aware of any such policy until the present case arose. Finally, a member of the retirement board

stated that, in cases of disability retirement, the board had on occasion set an effective date on the first day of a month several months removed from the event giving rise to the retirement.

All of the above serves to raise the crucial issue in this case. In the absence of a firm specific agreement with the employe, or, at the least, inclusion of such a provision in a duly promulgated written pension or disability program, there should be some adequate notice to the employes that should their death occur prior to the first of the month following the approval of their pension, their survivor will not be entitled to same. Defendant claims that its policy has the legal effect of a custom. It has long been held that a custom, in order to be binding, must be certain, continuous, uniform and notorious: Franklin Sugar Refining Co. v. Kane Milling & Grocery Co., 278 Pa. 105 (1923). As to the notice feature, the company alleges as its method of communication an interview with the retirement counselor which each employe is required to have upon reaching 60 years of age. Although Green was approaching his 62nd birthday, he was never interviewed because his age was carried incorrectly on the company records.

We are therefore faced with a situation where, assuming that the policy in question did in fact exist, it was never promulgated to the employes generally or to Green specifically nor was it applied in an even-handed manner by defendant's own board. Can such a policy, which fails to meet the standards of notoriety and uniformity, be raised to defeat plaintiff's hard-earned right to receive pension payments? In our opinion it was defendant's moral and legal obligation in this case to afford to plaintiff her rightful benefits.

We are supported in this conclusion by the decision of President Judge Alessandroni in a similar case, O'Hara v. United Gas Improvement Co., 31 D. & C.

2d 567 (1963). In that case, the company was informed on October 15, 1961, of the terminal nature of the employe's illness. The retirement board considered the case on December 1, 1961, although there was no formal request, and granted retirement effective January 1, 1962. The employe died on December 15, 1961. The company took the position that it was not obligated to pay any pension, but the court disagreed, observing that:

". . . an employe who has given 35 years of his life to this operation should not be deprived of his pension nor should his widow be deprived of her survivor's pension because of an inflexible application of a rule which appears on the surface to be fair but which in its operation can be inhumane if not cruel". (p. 572).

To the above we would only add the hope that this decision will bring home to defendant the need to codify its pension and disability retirement plan in order to avoid such further difficulties in the future.

Accordingly, we hold that plaintiff is entitled to recover the survivor's disability retirement pension in the amount of $128.95 per month.